UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAVYAN ALTON YALDO,

Plaintiff,

v.

U.S. DEP'T OF STATE et al.,

Defendants.

Case No. 25-13323
Honorable Shalina D. Kumar
Magistrate Judge David R. Grand

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 6)

### I.      Introduction

Bavyan Yaldo ("Yaldo" or "Plaintiff") commenced this action to compel defendants, U.S. Dep't of State, the U.S. Secretary of State, and the relevant U.S. Consulate General, to finalize their review of his application for an F-1 non-immigrant visa. ECF No. 1. Defendants move to dismiss the complaint. ECF No. 6. The motion is fully briefed, ECF Nos. 7, 8, and the Court finds a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court grants the motion.

## II.    Factual and Procedural Background

Yaldo is a Canadian citizen who was born in Iraq. ECF No. 1, PageID.2. In 2024, Yaldo sought an F-1 non-immigrant visa to attend dental school at the University of Detroit Mercy School of Dentistry. *Id*. On June 28, 2024, Yaldo appeared for a consular interview for that visa application at the United States Embassy in Toronto ("Embassy"). *Id*. At the conclusion of the interview, the consular officer refused Yaldo's visa application under 8 U.S.C. § 1201(g). *Id*. According to Yaldo's complaint, the consular officer stated that additional administrative processing was required before a visa could be granted. *Id*. To that end, the Embassy requested, and Yaldo promptly provided further information in June, July, and August 2024. *Id*. Notwithstanding the additional information provided, the visa application remains in administrative processing, and no F-1 visa has been issued for Yaldo. *Id*.

Yaldo alleges defendants have violated the Administrative Procedure Act ("APA") by failing to timely decide that application during administrative processing. *Id*. at PageID.4–5. Plaintiff also asserts that the long delay in adjudicating his visa application violated his right to Due Process. *Id*. at PageID.6–7. Yaldo seeks to compel defendants to further adjudicate his F-

1 visa application or to issue him an F-1 visa, because the final deferral of his dental school admission expires in August 2026. *Id.* at PageID.7; ECF No. 7-1, PageID.84–85.

Defendants move to dismiss the complaint under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), asserting that: (1) the Court is without subject matter jurisdiction to compel further adjudication because defendants' refusal of Yaldo's visa application was final; (2) Yaldo fails to state a claim under the APA; (3) as a noncitizen living abroad, Yaldo has no rights under the U.S. Constitution; and (4) the Court may not review the defendants' refusal of Yaldo's F-1 visa.

### III.    Standard of Review

Rule 12(b)(1) provides for the dismissal of an action where the district court lacks subject matter jurisdiction. Rule 12(b)(1) motions for lack of subject matter jurisdiction may challenge either (1) the facial sufficiency of the pleading itself, or (2) the factual grounds for invoking subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 5092, 598 (6th Cir. 1994). Facial challenges address whether the pleading alleges a basis for subject matter jurisdiction. The court views the pleading's allegations as true and construes them in the light most favorable to the nonmoving party. *Id*. In

Page **3** of **9**

contrast, a factual attack does not challenge the sufficiency of the pleading's allegations, but rather the "factual existence of subject matter jurisdiction." *Id*. Where a factual attack is made, the court does not presume the truth of a plaintiff's factual allegations and is instead free to weigh competing evidence or conflicting factual assertions. *See Sankari v. U.S. Dep't of State,* 2025 WL 1550231, at *3 (E.D. Mich. May 30, 2025).

District courts have original jurisdiction in "any action in the nature of mandamus" to compel agency action. 28 U.S.C. § 1361 ("Mandamus Act"). Likewise, the APA authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But under both Mandamus Act and APA actions,[1] a plaintiff must make a prerequisite showing to establish jurisdiction: a "court[] may order [an] agenc[y] to act only where the agency fails to carry out a *mandatory, nondiscretionary duty.*" *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004) (emphasis added). "In other words, absent a mandatory, nondiscretionary duty, the Court lacks any authority even to hear the case." *Derwish v. U.S.*

---

[1] "When a p[laintiff] seeks both mandamus relief and relief under the APA, courts apply the same principles and standards [ ] to determine jurisdiction." *Huron Mountain Club v. U.S. Army Corps of Eng'rs*, 545 F. App'x 390, 393 (6th Cir. 2013) (quotation omitted).

*Embassy in Djibouti*, 2025 WL 2372081, at \*4 (S.D. Ohio Aug. 15, 2025) (citing *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011)). Accordingly, the defendant agency must have "a clear duty to act" before the Court even has jurisdiction to consider compelling action. *Carson*, 633 F.3d at 491.

## IV.   Analysis

### A. APA/Mandamus Act Claims

Defendants maintain that the Court is without jurisdiction to consider plaintiff's requests for relief from delayed or withheld action on his visa application under the APA or the Mandamus Act because the consular officer made a final determination on that application in June 2024 and had no clear duty to act after that determination. The Court agrees.

The Immigration and Nationality Act ("INA") mandates that "[a]ll nonimmigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(d). After an interview, the consular officer must issue the visa or refuse the application if the nonimmigrant is ineligible. 22 C.F.R. § 41.121(a); *see also* 8 U.S.C. § § 1182(b), 1201(g).

Although a consular officer must accept or refuse a visa application, agency policy permits the officer to determine that additional evidence not

provided by the applicant could yet establish the nonimmigrant's eligibility for a visa. *See* U.S. Dep't of State, U.S. Visas: Administrative Processing Information, https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/administrative-processing-information.html (last visited May 19, 2026). Such refused applications warrant further administrative processing. *Id*. Case-specific administrative processing may result in the consular officer concluding that the nonimmigrant applicant is qualified for a visa, or that he remains ineligible for it. *Id*. The duration of the administrative processing varies based on individual circumstances. *Id*.

Courts disagree as to whether this administrative processing is mandatory or within the consular officers' discretion. *See Sankari,* 2025 WL 1550231, at *6 (collecting cases). But courts in this Circuit have generally found that the post-refusal administrative review available under the INA is discretionary. *See id*. at *17; *Mohafel v. Rubio*, 2025 WL 3284461, at *2–3 (E.D. Mich. Nov. 25, 2025); *Masih v. Rubio*, 2026 WL 483595, at *2 (E.D. Mich. Feb. 20, 2026); *Delavari v. Rubio*, 2026 WL 710965, at *3–4 (E.D. Mich. Mar. 13, 2026); *see also Awada v. U.S. Dep't of State*, 2025 WL 2371893, at *7 (N.D. Ohio Aug. 14, 2025); *Derwish*, 2025 WL 2372081, at *6.

The lone circuit court to address this issue likewise determined that post-interview administrative processing of a visa application is discretionary. *See Karimova v. Abate*, 2024 WL 3517852, at *4 (D.C. Cir. July 24, 2024). Moreover, in a similar case involving a refused immigrant visa, the Sixth Circuit held that the refusal of a visa application pursuant to 8 U.S.C. § 1201(g) "fully discharge[s]" the government's duty to process visa applications. *Hussein v. Beecroft*, 782 F. App'x 437, 441 (6th Cir. 2019).

Accordingly, this Court agrees with others in this District that a refusal from a consular officer at the conclusion of the interview, as Yaldo received here, constitutes a final determination of a visa application. "[N]one of the statutory or regulatory provisions [plaintiff] offers create a clear, mandatory, nondiscretionary duty that requires the government to adjudicate a visa application that a consular officer has already refused, even if the consular officer has concluded that additional administrative possessing is warranted." *Derwish*, 2025 WL 2372081, at *6; *see also Sankari*, 2025 WL 1550231, at *5 ("The possibility that [d]efendants will reconsider [a] refusal is immaterial, when no statute, regulation, or other source imposes a duty to reconsider it."). The Court thus finds that defendants discharged their

non-discretionary duties to review Yaldo's visa application when they issued their June 2024 refusal pursuant to 22 C.F.R. § 41.121(a). Because defendants did not withhold or delay their final decision, the Court lacks jurisdiction to compel relief under the Mandamus Act or the APA.

### B. Constitutional Claim

Plaintiff also alleges that the defendants' actions in refusing his F-1 visa violated his right to due process under the U.S. Constitution. ECF No. 1, PageID.6–7. But, as a noncitizen living abroad, Yaldo does not have any constitutional rights to assert against defendants. *See Baaghil v. Miller*, 1 F.4th 427, 433 (6th Cir. 2021) ("Noncitizens living abroad do not have any American constitutional rights."); *see also Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020) ("[I]t is long settled as a matter of American constitutional law that foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution."). Yaldo's claim for relief under the Due Process clause therefore fails to state a claim upon which relief may be granted.

### C. Issuance of F-1 Visa as Relief

In the requested relief section of his complaint, Yaldo asks the Court to not only compel defendants to promptly complete the administrative

processing of his visa application but also to compel them to issue the F-1 visa. ECF No. 1, PageID.7. Even if the Court had jurisdiction to consider that relief, it could not grant it here. Under the doctrine of consular non-reviewability, courts may only review a consulate's decision to grant or refuse a visa if that decision implicates the applicant's constitutional rights. *See Baaghill*, 1 F.4th at 432; *Kleindienst. v. Mandel*, 408 U.S. 753, 762-65 (1972). Because Yaldo has no constitutional rights to be impacted, the doctrine of consular non-reviewability bars any court-review of defendants' decision to refuse Yaldo's visa application.

## V.  Conclusion

Accordingly, the Court **GRANTS** Defendants' motion to dismiss. ECF No. 6. This case is now closed.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar<br>
SHALINA D. KUMAR<br>
United States District Judge

Dated: May 26, 2026